IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-376-D

| | |
|---|---|
| GENERAL CASUALTY COMPANY )<br>OF WISCONSIN, as subrogee of )<br>Austin Trucking, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MURPHY-HOFFMAN COMPANY, and )<br>NORTH CAROLINA KENWORTH, INC., )<br>d/b/a MHC KENWORTH-RALEIGH, )<br>)<br>Defendants. ) | **ORDER** |

On August 25, 2020, Murphy-Hoffman Company and North Carolina Kenworth, Inc. ("defendants") moved to dismiss General Casualty Company of Wisconsin's ("General Casualty" or "plaintiff") negligence claim [D.E. 13] and filed a memorandum in support [D.E. 14]. See Fed. R. Civ. P. 12(b)(6). On September 15, 2020, General Casualty responded in opposition [D.E. 17, 18]. On September 24, 2020, defendants replied [D.E. 19]. As explained below, North Carolina's economic loss rule bars General Casualty's negligence claim. Thus, the court grants defendants' motion to dismiss and dismisses General Casualty's negligence claim.

I.

General Casualty insured Austin Trucking, L.L.C., which owned a 2015 Kenworth dump truck. See Compl. [D.E. 1] ¶¶ 3–4. Defendants sold the dump truck to Austin Trucking and serviced it. See id. at ¶¶ 11, 14. According to General Casualty, defendants improperly installed a positive battery cable while replacing the dump truck's transmission. See id. at ¶¶ 12–13. On August 15, 2017, a fire damaged the dump truck. See id. at ¶ 11. General Casualty alleges that defendants'

"improper, careless, reckless, defective and negligent service work" directly and proximately caused the fire. Id. at ¶ 13. In accord with the insurance policy, General Casualty paid Austin Trucking $105,774.49 for the loss of the dump truck. See id. at ¶ 16. As a subrogee of Austin Trucking, General Casualty seeks to recover damages from defendants for breach of contract in servicing the dump truck. See id. at ¶¶ 20–24. General Casualty also seeks to recover damages from defendants for negligence in servicing the dump truck. See id. at ¶¶ 25–28.

North Carolina substantive law controls General Casualty's claims. The standard for a motion to dismiss under Rule 12(b)(6), however, is a procedural matter controlled by federal law. See, e.g., Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007); Wilson v. Dryvit Sys., Inc., 206 F. Supp. 2d 749, 752 (E.D.N.C. 2002), aff'd, 71 F. App'x 960 (4th Cir. 2003) (per curiam) (unpublished). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); see Fed. R. Civ. P. 12(b)(6); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–57 (2007); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam); Fauconier v. Clarke, 966 F.3d 265, 276 (4th Cir. 2020). A court accepts all factual allegations in the complaint as true. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). A court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id. at 322. A court need not accept, however, the complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009); see also Iqbal, 556 U.S. at 678–79. Similarly, a court is not bound accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted); see

2

Iqbal, 556 U.S. at 678–79.

Defendants move to dismiss General Casualty's negligence claim based on North Carolina's economic loss rule. Under North Carolina's economic loss rule, a plaintiff generally cannot recover in tort for purely economic loss where a contract, a warranty, or the UCC operates to allocate risk. See North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81–82, 240 S.E.2d 345, 350–51 (1978), rejected in part on other grounds by Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 328 S.E.2d 274 (1985); Legacy Data Access, Inc. v. Cadrillion, LLC, 889 F.3d 158, 164 (4th Cir. 2018); Kelly v. Georgia-Pac. LLC, 671 F. Supp. 2d 785, 791–92 (E.D.N.C. 2009); Beaufort Builders, Inc. v. White Plains Church Ministries, Inc., 246 N.C. App. 27, 33, 783 S.E.2d 35, 39 (2016); Lord v. Customized Consulting Specialty, Inc., 182 N.C. App. 635, 639, 643 S.E.2d 28, 30–31 (2007); Moore v. Coachmen Indus., Inc., 129 N.C. App. 389, 401–02, 499 S.E.2d 772, 780 (1998). No tort action lies "against a party to a contract who . . . fails to properly perform the terms of the contract, even if that failure to perform was due to the negligent or intentional conduct of that party, when the injury resulting from the breach is damage to the subject matter of the contract." Lord, 182 N.C. App. at 639, 643 S.E.2d at 30–31 (quotation omitted); see Legacy Data Access, Inc., 889 F.3d at 164; Beaufort Builders, Inc., 246 N.C. App. at 33, 783 S.E.2d at 39; Rountree v. Chowan Cty., 252 N.C. App. 155, 159, 796 S.E.2d 827, 830 (2017); Kelly, 671 F. Supp. 2d at 791–92. The policy underlying the economic loss rule is that "the sale of goods is accomplished by contract and the parties are free to include, or exclude, provisions as to the parties' respective rights and remedies." Moore, 129 N.C. App. at 401, 499 S.E.2d at 780; see Kelly, 671 F. Supp. 2d at 791–92; Lord, 182 N.C. App. at 639, 643 S.E.2d at 30. The economic loss rule reflects the fundamental differences between the goal of awarding damages in tort law (i.e., to compensate the victim and punish the wrongdoer for the tort) and the goal of awarding damages

3

in contract law (i.e., to compensate the injured party for the breach). See Legacy Data Access, Inc., 889 F.3d at 164; Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998); Strum v. Exxon Co., USA, 15 F.3d 327, 330 (4th Cir. 1994). Thus, the rule confines parties to a contract's terms should a party seek redress concerning the contract. See Legacy Data Access, Inc., 889 F.3d at 164; Broussard, 155 F.3d at 346; Strum, 15 F.3d at 330; Crop Prod. Servs., Inc. v. Ormond, No. 4:11-CV-41-D, 2012 WL 147950, at *7 (E.D.N.C. Jan. 18, 2012) (unpublished).

North Carolina courts recognize limited exceptions to the economic loss rule. See, e.g., Ellis v. Louisiana-Pac. Corp., 699 F.3d 778, 783–86 (4th Cir. 2012). If a defendant owed a duty independent of and distinguishable from a duty owed by contract, then a plaintiff can recover in both tort and contract for the same course of conduct. See Strum, 15 F.3d at 330–31; Kelly, 671 F. Supp. 2d at 791. In other words, "where there is an identifiable tort even though the tort also constitutes, or accompanies, a breach of contract, the tort itself may give rise to a claim." Newton v. Standard Fire Ins. Co., 291 N.C. 105, 111, 229 S.E.2d 297, 301 (1976). Aggravating elements (e.g., fraud, malice, reckless indifference, or oppression) also must accompany the allegedly tortious conduct. See Newton, 291 N.C. at 112, 229 S.E.2d at 301; Strum, 15 F.3d at 331. To determine whether an exception to North Carolina's economic loss rule applies, courts focus on whether the plaintiff has plausibly alleged a duty that exists independently of a duty arising from a contract. See Legacy Data Access, Inc., 252 N.C. App. at 158–61, 889 F.3d at 165–66; Ellis, 699 F.3d at 783–86; Broussard, 155 F.3d at 346; Rountree, 252 N.C. App. at 158–61, 796 S.E.2d at 830–32; Croker v. Yadkin, Inc., 130 N.C. App. 64, 69, 502 S.E.2d 404, 407 (1998).

General Casualty has not plausibly alleged a duty that exists independently of a duty arising from the contract to service the dump truck between Austin Trucking and defendants. Accordingly, North Carolina's economic loss bars General Casualty's negligence claim. See, e.g., Legacy Data

4

Access, Inc., 889 F.3d at 165–66; Ellis, 699 F.3d at 783–84; Broussard, 155 F.3d at 346; Strum, 15 F.3d at 330; Braswell Egg Co. v. Poultry Mgt. Sys., Inc., No. 5:19-CV-502-D, 2020 WL 4938432, at *9 (E.D.N.C. Aug. 24, 2020); CDI Corp. v. HCL Am., Inc., No. 5:17-CV-550-D, 2019 WL 1083775 at *3–4 (E.D.N.C. Mar. 7, 2019) (unpublished); LRP Hotels of Carolina, LLC v. Westfield Ins. Co., No. 4:13-CV-94-D, 2014 WL 5581049, at *5–6 (E.D.N.C. Oct. 31, 2014) (unpublished); Corp. Prod. Servs., Inc., 2012 WL 147950, at *7; Kelly, 671 F. Supp. 2d at 790–06.

II.

In sum, the court GRANTS defendants' motion to dismiss plaintiff's negligence claim [D.E. 13].

SO ORDERED. This 21 day of October 2020.

JAMES C. DEVER III
United States District Judge